61 F.3d 905
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Ernest L. FARLEY, Jr., Plaintiff-Appellant,
v.
Cliff McCROY, John Castro, and Sandra Brown, Defendants-Appellees.
 No. 94-3014.
 United States Court of Appeals, Seventh Circuit.
 Submitted June 29, 1995.*
Decided July 21, 1995.
 
 Before CUMMINGS, COFFEY and ROVNER, Circuit Judges.
 
 ORDER
 
 1
 Earnest Lee Farley, an Illinois state prisoner, brought this civil rights action pursuant to 42 U.S.C. Sec. 1983 in order to continue his education. Farley earned his high school equivalency certificate in 1981 while incarcerated at the Vienna Correctional Center and since then has been working toward a Bachelors of Science degree by taking courses at various colleges affiliated with correctional facilities in which he has been incarcerated. It appears that Farley has shown a sincere interest in improving his education, with an apparent eye toward improving his economic circumstances upon his release.
 
 
 2
 During the spring of 1992, Farley enrolled in MacMurray College. He earned good grades and was considered a student in good-standing. Farley withdrew from courses when he was transferred from Centralia to the Jacksonville Correctional Center. In October 1992, Farley applied for readmission to MacMurray College. He was told he did not qualify due to low math scores on a standardized test even though Farley had been previously enrolled in MacMurray College with the same math scores. In order to raise his math scores, Farley requested enrollment in high school preparatory courses but was denied enrollment because he had already earned his high school equivalency certificate. Farley then filed a civil rights complaint pursuant to 42 U.S.C. Sec. 1983 claiming that his constitutional rights were violated by correctional officials,[1] and requesting, in addition to punitive and compensatory damages, enrollment in MacMurray College. The district court dismissed the action for failure to state a colorable claim for relief. Farley appeals.
 
 ANALYSIS
 
 3
 Farley argues that his constitutional rights were violated when he was denied continued enrollment in MacMurray College. He makes two claims--denial of equal protection and denial of due process. While the equal protection and due process clauses of the Fourteenth Amendment are closely related, our analysis of possible violations requires a different focus for each. The equal protection clause seeks to guard against the government burdening individuals based on their membership in a particular class of persons and requires us to focus on why a person was denied a certain right. The due process clause seeks to guard against the government acting in an arbitrary manner and requires us to focus on how a person was denied a certain right. Whereas equal protection analysis questions whether Farley was treated differently than other prisoners similarly situated, due process analysis questions whether Farley was considered ineligible for enrollment in an unreasonable fashion.
 
 
 4
 Essential to establishing either an equal protection or due process violation is the existence of a protected interest. We find that Farley has failed to establish a protected liberty interest in continued access to educational opportunities while incarcerated. For a prisoner, an entitlement to access to educational programs could originate in the federal constitution or be created by the state. Sandin v. Conner, et al., No. 93-1911, 1995 WL 360217 at * 6 (U.S. June 19, 1995); Smith v. Shettle, 946 F.2d 1250, 1252 (7th Cir.1990). When a state creates liberty interests, "these interests will be generally limited to freedom from restraint which ... impose[ ] atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin, 1995 WL 360217 at * 6.
 
 
 5
 Farley concedes that he has no federal entitlement since this court has previously held that "there is no constitutional mandate to provide educational, rehabilitative, or vocational programs, in the absence of conditions that rise to a violation of the Eighth Amendment." Garza v. Miller, 688 F.2d 480, 485-86 (7th Cir.1982), cert. denied, 459 U.S. 1150 (1983). Instead, Farley argues that Illinois created an entitlement to educational programs when it established a school district to provide for the educational needs of state adult inmates and juvenile offenders.
 
 
 6
 The Illinois School Code[2] and Administrative Code[3] simply vest discretion in the School Board and Department of Corrections to determine who is eligible for educational programs, they do not create a liberty interest in participation in these educational programs. The "ordinary incidents of prison life" do not include the right to participate in educational programs. " 'Lawful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system.' " Sandin, 1995 WL 360217 at * 7. (quoting Jones v. North Carolina Prisoners Labor Union, 433 U.S. 119, 125 (1977) (citations omitted)). We find the State of Illinois, by providing prisoners with educational opportunities, has not created a liberty interest in participation in such programs because denial of educational opportunities does not impose atypical and significant hardship on a prisoner in relation to ordinary prison life.
 
 
 7
 Even assuming Farley had a liberty interest in continuing his education at MacMurray college, he has not shown either an equal protection or due process violation based upon how and why he was not allowed to enroll in MacMurray. In order to bring "an action under the Equal Protection Clause [a person] must show intentional discrimination against him because of his membership in a particular class, not merely that he was treated unfairly as an individual." Huebschen v. Dept. of Health and Social Services, 716 F.2d 1167, 1171 (7th Cir.1983). Farley, however, does not allege that he was treated differently because of his membership in a particular class of people or that he was treated differently than other prisoners with similar or inferior qualifications at Jacksonville, but that he was treated differently as between the two institutions. "[I]n the absence of fundamental rights or a suspect classification, equal protection requires only that a classification that results in unequal treatment bear some rational relationship to a legitimate state purpose." French v. Heyne, 547 F.2d 994, 997 (7th Cir.1976.). Farley's classification (an inmate with low math scores) bears a rational relationship to deciding which inmates to give permission to enroll in MacMurray College. Similarly, in regard to Farley's due process claim, Farley has not shown that there was anything pernicious about the correctional officials' actions and the explanation (low math scores) given by the officials was not an unreasonable ground for their decision, though we do note the seeming inconsistency of Farley being permitted to attend MacMurray college with the same math scores that formed the basis for a subsequent denial of continued enrollment. We agree with the district court that deference must be given to the correctional officials who, in making this discretionary decision, found that Farley was not an appropriate candidate for educational programs. We do, however, encourage Farley to seek educational opportunities outside of enrollment at MacMurray College and to pursue his grievances with the appropriate correctional officials regarding the inconsistent treatment of his math scores.
 
 
 8
 The judgment of the district court is therefore AFFIRMED.
 
 
 
 *
 After preliminary examination of appellant's brief, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal is submitted on the brief and record
 
 
 [1]
 Farley lists the following as defendants: Sandra Kibby-Brown, Assistant Warden in charge of programs at the Jacksonville Correctional Center; Cliff McCroy, prison site administrator for the MacMurray College; and John Castro, Superintendent of Education for the Illinois Department of Corrections
 
 
 [2]
 The Illinois School Code provides that: "subject to the rules and regulations of the Department of Corrections and the laws and statutes applicable, the Board shall have the power and authority to assign to schools within the district and to expel or suspend pupils for disciplinary purposes or to assign or reassign them as the needs of the district or the pupil shall be determined best.... [Periodically] the school district authorities and facility officials shall determine the extent the ward or inmate is benefiting from the particular program, and shall further determine whether the said ward or inmate shall continue in the program to which he is assigned or be dropped from the same or be transferred to another program more suited to his needs or the school district's needs." 105 ILCS 5/13-43.10
 
 
 [3]
 The Illinois Administrative Code details the factors that the Department of Corrections should consider when deciding the eligibility of an inmate for enrollment in an educational program and provides that:
 [T]he Department [of Corrections] shall consider, among other factors, the committed person's composite scores on achievement tests, the safety and security of the facility or any person, staff recommendations, requirements for admission to specific programs, administrative concerns, and the committed person's institutional behavior, disciplinary record, educational record, projected release date, and medical and mental health status.
 
 
 [20]
 IL ADC Sec. 405.20(c) (1995)